1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13

MALCOLM ANTWIONE ROBINSON,

Plaintiff,

No. C 19-1613 WHA (PR)

**ORDER OF SERVICE**

14

v.

15
16

J. ROBERTSON; E. GOULDING; T. ABAD; B.WOODS; C. DELTE,

Defendants.

17

⟋

18

**INTRODUCTION**

19
20
21
22

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that prison officials violated did not provide adequate care for his broken hand. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is ordered served upon defendants.

23

**ANALYSIS**

24

**A.    STANDARD OF REVIEW**

25
26
27
28

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

1  monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

2  se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

3  (9th Cir. 1990).

4      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

5  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

6  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

7  upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

8  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

9  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

10  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

11  do. . . . Factual allegations must be enough to raise a right to relief above the speculative

12  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A

13  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

14  at 1974.

15      To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

16  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

17  that the alleged deprivation was committed by a person acting under the color of state law.

18  *West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.    LEGAL CLAIMS**

20      Plaintiff's allegations that defendants failed to provide surgery for his broken hand for

21  over seven months causing permanent damage to his bone and nerve, when liberally construed,

22  state a cognizable claim for the violation of his right under the Eighth Amendment to be free

23  from cruel and unusual punishment.

24                                **CONCLUSION**

25      For the reasons set out above, it is hereby ordered as follows:

26      1. The clerk shall issue summons and the United States Marshal shall serve, without

27  prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order

28

2

1  upon defendant **Warden J. Robertson, Nurse E. Goulding; T. Abad; B.Woods; and C. Delte**

2  **at Pelican Bay State Prison.**  A courtesy copy of the complaint with attachments and this order

3  shall also be mailed to the California Attorney General's Office.

4       2. Defendants **shall** file an answer in accordance with the Federal Rules of Civil

5  Procedure.

6       3. In order to expedite the resolution of this case:

7            a. No later than **91 days** from the date this order is filed, defendants shall file a

8  motion for summary judgment or other dispositive motion.  If defendants are of the opinion that

9  this case cannot be resolved by summary judgment, they shall so inform the court prior to the

10  date the summary judgment motion is due.  All papers filed with the court shall be promptly

11  served on the plaintiff.

12           b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

13  court and served upon defendants no later than **28 days** from the date of service of the motion.

14  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to

15  him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele*

16  *v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

17           c.  Defendants **shall** file a reply brief no later than **14 days** after the date of

18  service of the opposition.

19           d.  The motion shall be deemed submitted as of the date the reply brief is due.  No

20  hearing will be held on the motion unless the court so orders at a later date.

21           e.  Along with his motion, defendants shall file proof that they served plaintiff the

22  *Rand* warning at the same time they served him with their motion.  Failure to do so will result in

23  the summary dismissal of their motion.

24       4. All communications by the plaintiff with the court must be served on defendants, or

25  defendants' counsel once counsel has been designated, by mailing a true copy of the document to

26  defendants or their counsel.

27       5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

28

1    further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required

2    before the parties may conduct discovery.

3              a.        If the claims found cognizable in this order involve excessive force,

4    harassment, or prison discipline, defendants have thirty days from the date of service of the

5    summons and complaint to produce to plaintiff all documents related to any incident reports,

6    investigations, or Rules Violation Reports that were generated as a result of the incident(s)

7    described in the complaint, and all video recordings of such incident(s).  If no such reports or

8    video recordings were generated, or if no investigation occurred, defendants shall inform

9    plaintiff of this in writing;

10             b.        If the claims found cognizable in this order involve medical care,

11   defendants have thirty days from the date of service of the summons and complaint to produce to

12   plaintiff his medical records related to his medical condition(s) alleged in the complaint and any

13   treatment he received for such condition(s).

14        Parties may object to the production of any of these materials.  Any objections shall be

15   made in writing and served on all parties, but not filed with the Court.  Any disputes regarding

16   the production of these materials shall be resolved according to the requirements of Federal Rule

17   of Civil Procedure 37 and Civil Local Rule 37.

18        7.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

19   informed of any change of address and must comply with the court's orders in a timely fashion.

20   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

21   Federal Rule of Civil Procedure 41(b).

22        IT IS SO ORDERED.

23   Dated: July ___11___, 2019.

24                                              WILLIAM ALSUP
                                               UNITED STATES DISTRICT JUDGE

25

26

27

28

4

1    **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2         If defendants move for summary judgment, they are seeking to have your case dismissed.

3    A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if

4    granted, end your case.

5         Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6    Generally, summary judgment must be granted when there is no genuine issue of material

7    fact--that is, if there is no real dispute about any fact that would affect the result of your case, the

8    party who asked for summary judgment is entitled to judgment as a matter of law, which will

9    end your case. When a party you are suing makes a motion for summary judgment that is

10   properly supported by declarations (or other sworn testimony), you cannot simply rely on what

11   your complaint says. Instead, you must set out specific facts in declarations, depositions, answers

12   to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that

13   contradict the facts shown in the defendant's declarations and documents and show that there is a

14   genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

15   summary judgment, if appropriate, may be entered against you. If summary judgment is granted,

16   your case will be dismissed and there will be no trial.

17

18

19

20

21

22

23

24

25

26

27

28