IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM ANTWIONE ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. ROBERTSON; E. GOULDING; T. ABAD; B.WOODS; C. DELTE,<br><br>　　　　　Defendants. | No. C 19-1613 WHA (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 21) |

## INTRODUCTION

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983 claiming that defendants, who are officials at Pelican Bay State Prison ("PBSP"), were deliberately indifferent to his serious medical needs. Defendants filed a motion for summary judgment. Although plaintiff was the opprtunity to file an opposition and cautioned about the adverse consequences of not doing so, he has not opposed defendants' motion. For the reasons explained below, the motion for summary judgment is **GRANTED**.

## STATEMENT

Plaintiff broke a bone in his hand in a fight with other inmate at PBSP in May 2018. Medical personnel, including defendant E. Golding, a PBSP nurse, examined him and gave him pain medication, a splint, and care instructions. Over the next six months, PBSP medical

1  personnel examined him regularly, sent him to an outside hospital for x-rays, MRIs and
2  examinations by an orthopedic specialist.  Plaintiff's pain had significantly decreased by June,
3  was gone by July, and the hand was healed by August.  Medical personnel at PBSP and the
4  outside hospital continued to check with plaintiff about the condition of his hand on a regular
5  basis over the ensuing months.  In December 2018, plaintiff had surgery on the hand to correct
6  arthritis.  An orthopedist had diagnosed the arthritis in 2017 and found that it arose from a prior
7  fracture in plaintiff's hand in 2013.  The surgery involved removing a bone and extending the
8  tendon in the hand.

Plaintiff alleges that at an appointment on May 21, 2018, defendant Golding did not believe Plaintiff's report that his pain was a ten on a scale of one to ten, and failed to grant his request for an appointment with a doctor.  Plaintiff filed an administrative grievance requesting that Golding be fired.  Defendant Supervising Nurse T. Abad interviewed plaintiff and Golding, reviewed his medical records, and examined him.  Abad found no fault in Golding's job performance and denied the grievance.  Defendants Healthcare Chief Executive Officer B. Woods, and Appeals Chief C. Delte, were also involved in denying the grievance.  Defendant J. Robertson was the PBSP Warden.

## ANALYSIS

### A.  STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Material facts are those which may affect the outcome of the case.  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or

discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

Defendants' summary judgment motion may not be granted solely because plaintiff has not opposed it. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) . The court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001).

**B.    DISCUSSION**

There is no evidence that defendants violated plaintiff's constitutional rights. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

There is no evidence of deliberate indifference to plaintiff's broken hand. Plaintiff received pain medication, a splint, regular examinations by nurses, doctors and orthopedic specialists, x-rays and MRIs. His condition improved and healed, and there is no evidence that defendants' care slowed or prevented the healing process. Defendants present the uncontradicted opinion of an orthopedic surgeon that plaintiff received medically sound

3

treatment for his hand. Defendant Golding denies minimizing plaintiff's reported pain levels, but even if plaintiff's contention that he did so is correct, there is no evidence that this negatively impacted the medical care that plaintiff received, including his pain medication. Plaintiff alleges that Golding disregarded his request to see a doctor, but a doctor examined plaintiff nine days later. The expert indicates that seeing a doctor sooner than that would not have changed the treatment at all.

Plaintiff asserted in his Complaint that he should have received the surgery sooner. The surgery was performed to correct the arthritis in plaintiff's hand, which plaintiff's medical records show was a preexisting condition from an earlier break from 2013. Plaintiff alleged that the surgeon told him that if he had operated sooner, then he could have saved the bone. This allegation does not create a triable issue regarding defendants' deliberate indifference, for several reasons. *First,* plaintiff did not present evidence of the surgeon's statement, and on its own it is inadmissible hearsay. *Second,* the surgeon's opinion conflicted with the orthopedist who examined plaintiff in 2017, the orthopedists who reviewed his test results and treated him following the break in 2018, and defendants' expert orthopedic surgeon, none of whom opine that surgery soon was necessary sooner, would have saved the bone, or would yielded a better outcome for plaintiff. A difference of opinion among medical professionals as to the proper course of treatment does not establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) *Third*, by the time defendants became involved in plaintiff's care, in 2018, arthritis had already set into plaintiff's hand, which means even if they had referred him for surgery right away, the same operation would have been necessary.

As there is no triable issue that, if resolved in plaintiff's favor, establishes that defendants were deliberately indifferent to his medical needs. Accordingly, defendants are entitled to summary judgment on plaintiff's claim.

//

//

4

## CONCLUSION

For the reasons set out above, defendants' motion for summary judgment is **GRANTED.** The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: June  16 , 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE